IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>vs.<br><br>TIFFANY DAVIS,<br><br>              Defendant. | 4:22-CR-3119<br><br>TENTATIVE FINDINGS |

The Court has received the revised presentence investigation report in this case. There are no objections to the presentence report. The defendant has filed a motion for variance (filing 45).

IT IS ORDERED:

1.    The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

   (a)    give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

   (b)    resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

(c)     impose upon the United States the burden of proof on all Guidelines enhancements;

(d)     impose upon the defendant the burden of proof on all Guidelines mitigators;

(e)     depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f)     in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2.     There are no objections that require resolution at sentencing. The defendant has filed a motion for variance based on her personal circumstances and the circumstances of the offense. Filing 45; *see* filing 46. The Court will resolve that motion at sentencing.

The defendant also suggests that she is eligible for safety valve relief. Filing 46 at 4-6. The presentence report found that the defendant would meet the statutory criteria *except* for the requirement that the defendant "has truthfully provided to the Government all information and evidence the defendant has concerning the offense." U.S.S.G. § 5C1.2(a)(5).

For safety valve eligibility, the defendant carries the burden of demonstrating that she has truthfully provided to the Government

all information regarding the relevant crime before sentencing. *United States v. Castaneda*, 221 F.3d 1058, 1059 (8th Cir. 2000). But the safety valve is available so long as the government receives the information no later than the time of the sentencing hearing, even if a defendant's last-minute move to cooperate is a complete about-face. *Deltoro-Aguilera v. United States*, 625 F.3d 434, 437 n.3 (8th Cir. 2010); *see also, United States v. Morones*, 181 F.3d 888, 891 (8th Cir. 1999); *United States v. Tournier*, 171 F. 3d 645, 646-47 (8th Cir. 1999). Accordingly, the Court will resolve this issue at sentencing.

3.      Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4.      If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5.      Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6.      Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 14th day of April, 2023.

BY THE COURT:

John M. Gerrard
Senior United States District Judge